**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2326**

PEDRO ANTONIO MARTINEZ-VALLE,

                Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 20, 2020                Decided:  August 26, 2020

Before KING, WYNN, and QUATTLEBUAM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Sabatino F. Leo, Senior Litigation Counsel, Vanessa M. Otero, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Antonio Martinez-Valle, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his applications for withholding of removal and protection under the Convention Against Torture.[*] We have thoroughly reviewed the record, including the transcript of Martinez-Valle's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the Board's decision, *see Gomis v. Holder,* 571 F.3d 353, 359 (4th Cir. 2009); *Dankam v. Gonzales,* 495 F.3d 113, 124 (4th Cir. 2007).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Martinez-Valle* (B.I.A. Nov. 7, 2019). We deny the Attorney General's motion to dismiss in part as moot and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] While Martinez-Valle argues that he qualified for asylum, he failed to exhaust his asylum claim before the Board and fails to challenge the Board's conclusion that he waived the asylum claim in his administrative appeal. Accordingly, his asylum claim is both unexhausted and abandoned on appeal. *See Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019); *see also* 8 U.S.C. § 1252(d)(1). Likewise, he has not raised any issues in his opening brief concerning the denial of his applications for cancellation of removal and voluntary departure. He has thus abandoned any challenge to the denial of that relief. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (except in rare cases, failure to raise issue in opening brief constitutes abandonment of issue).